DELGADO ET AL., PLAINTIFFS AND APPELLANTS, *v.* TRUJILLO &
MERCADO, DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Ponce in an Action for
Damages.

No. 1477.—Decided July 28, 1916.

DAMAGES — EXEMPLARY DAMAGES — GENERAL DEMURRER — AMOUNT IN LITIGA-
TION.—A general demurrer to the complaint was sustained in which, as a
first cause of action, plaintiffs claimed one hundred and twenty-five dollars
as damages for the destruction of a house; as a second cause of action,
five thousand dollars damages for depriving the plaintiffs of shelter and
causing the illness of. some of them; and as a third cause of action, they
claimed punitive and exemplary damages. *Held:* That the second and third
causes of action could not be sustained because the damages alleged in the
second were too remote and could be recovered in the first cause of action,
and because in the last nothing was shown as to the manner in which the
house was destroyed which would fix the liability upon the defendants and
also because the damages were remote, and that, as to the first cause of
action, the court did not acquire jurisdiction because of the amount involved.

COMPLAINT—PLEADING—MOTION TO STRIKE—DEMURRER.—When in setting up a
second cause of action in a complaint only the facts of the first cause of
action are repeated, a motion to strike out, and not a demurrer, should
be filed.

The facts are stated in the opinion.

*Mr. Tomás Castillo León* for the appellants.

*Messrs. A. F. Castro* and *C. López de Tord* for the ap-
pellees.

MR. JUSTICE WOLF delivered the opinion of the court.

This appeal involves the sufficiency of a complaint of
three counts. The second and third counts repeated the
statement of facts of the first count and merely alleged addi-
tional resultant damages. The first count alleged a total
destruction of complainant's house by the violent acts of the
defendants and $125 damages were claimed in the said count.
A demurrer was filed to the whole complaint, which the court
sustained, and judgment was subsequently rendered for the
defendants.

As a consequence of the destruction of the house of the complainants, they alleged in their second count that they were without shelter or means of obtaining the same and that some of them ·fell ill, and they claim $5,000. We think in this case that instead of demurring the better practice would have been to move to strike out the second count as it merely restated the facts of the first count. The complainants, however, elected to make the damages the principal story of their second count, and as these damages were too remote and their real damages could have been recovered under their first count, we think that a general demurrer may be made to cover the unsoundness of the averment of damages.

The third count related solely to punitive damages. We see nothing in the manner of the destruction of the house that would subject the defendants to punitive damages, and that count must also be held to be bad under the general demurrer as the damages were too remote.

With the second and third counts declared bad, the court had no jurisdiction to hear a claim for $125 and properly sustained the demurrer to the first count on the ground of the lack of such jurisdiction.

As the complainants elected to stand on the result of the demurrer, as they were all improperly joined in a suit for tort, the election to stand on the demurrer should be considered permanent and the complainants given no further leave to amend.

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.